NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIE LI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72468

Agency No. A212-989-654

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2022[**]
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Jie Li, a citizen of China, petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his

applications for asylum, withholding of removal under the Immigration and

Nationality Act ("INA"), and withholding of removal under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT"). "We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal," *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and deny the petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). This means that "to reverse such a finding we must find that the evidence not only supports a contrary conclusion, but compels it." *Id.* (cleaned up); *see* 8 U.S.C. § 1252(b)(4)(B). "[I]n assessing an adverse credibility finding . . . we must look to the totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (cleaned up). The BIA's adverse credibility finding relied on Li's inconsistent testimony about the days when he first attended house church meetings and why his wife did not attend those meetings. The BIA likewise rejected Li's efforts to rehabilitate his testimony related to his medical treatment, noting that while it was not relying on the IJ's observation that Li's medical certificate may have been tampered with, the IJ "raised reasonable credibility concerns" about the content of this document.

Li stated that his initial house church meeting was in March 2016 and that he attended every other Wednesday and Sunday afterward. Although Li first testified that his wife did not attend those meetings because he did not have a good understanding of Christianity at that time, he later stated that she did not come

2

because she needed to "stay at home and take care of the kid." When the IJ noted that Li's child was not born until June 2016, Li testified that his second meeting was in July, before changing his testimony again that it was in April. The IJ observed that Li's child was not born at that time either, and Li testified that his wife had to "stay home because she was pregnant." Finally, Li stated that his wife did not attend the church meetings "because she was not interested in things like this." Although Li argues that these are only minor inconsistencies, "even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011).

Li was allegedly arrested and beaten after a house church meeting in August 2016. Li described his injuries from this incident as a "crack" on the back of his head and a concussion and testified that a doctor at the Fuqing hospital dressed his headwounds, administered an x-ray, and admitted him overnight. But Li's medical certificate does not corroborate his testimony and raises credibility concerns, only stating "obvious traumatic swell on back of head, brain stem structure impaired" as the diagnosis and leaving the "treatment," address, and unit number sections on the certificate completely blank. Li provided no other medical evidence to support his claim.

Taken together, substantial evidence supports the BIA's adverse credibility determination. Li challenged none of the other BIA holdings and thus waived those

3

arguments. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1070 (9th Cir. 2005). He accordingly fails to establish his eligibility for asylum or withholding of removal under INA and CAT.

**PETITION DENIED.**